UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION TO DISMISS (Dkt. 17, filed on May 30, 2025)

## I.   INTRODUCTION

On September 25, 2024, plaintiff Marilyn Gladle ("Gladle") filed her complaint against defendant Secretary of the Department of Veterans Affairs ("the VA") Denis McDonough (the "Secretary" or "defendant") asserting three claims for relief: (1) retaliation and reprisal for engaging in protected activity under Title VII; (2) violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 *et seq.*; and (3) creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Dkt. 1 ("Complaint").

On May 30, 2025, the Secretary filed a motion to dismiss the Complaint. Dkt. 17. Gladle did not file an opposition or appear at the hearing.[1] On June 30, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] Pursuant to Local Rule 7-12, failure to respond to a motion to dismiss may be deemed to be a non-opposition. In this case, the Court nonetheless proceeds to analyze Gladle's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
| Title | Marilyn Gladle v. Denis McDonough | | |

## II.  BACKGROUND

### A.  Gladle's Prior Actions

Gladle brought a prior action in this Court asserting similar claims against the then Secretary of the Department of Veterans Affairs.  See Gladle v. U.S. Department of Veterans Affairs, 15-cv-00057-CAS-JC (the "First Action").  The Court dismissed this action and Gladle appealed the dismissal to the Ninth Circuit.  Id., dkts. 41, 43.  The Ninth Circuit affirmed the Court in part, reversed in part, and remanded, holding that some of Gladle's allegations were sufficient to state claims.  Id., dkt. 45 ("Ninth Circuit Order").  Gladle then filed a First Supplemental Complaint following her termination from the VA, and motion practice began again, culminating in the parties filing cross motions for summary judgment.  Id., dkts. 88, 109, 110.  On March 16, 2020, the Court granted summary judgment in favor of the Secretary and against Gladle on all but one claim, finding that her termination was justified, among other issues.  Id., dkt. 210 ("2020 Order on Summary Judgment").  The one remaining claim proceeded to trial, and a jury found in favor of the Secretary on Gladle's claim that the Secretary had failed to accommodate her disability.  Id., dkt. 202.  Judgment was entered for the Secretary, and Gladle appealed to the Ninth Circuit.  Id. dkts. 210, 217.  Gladle's appeal remains pending.

Thereafter, Gladle filed a new action. Marilyn Gladle v. Denis McDonough, Case No. 24-cv-03556 (the "Second Action").  In the Second Action, Gladle filed her original complaint, and following the Secretary's filing of his motion to dismiss, Gladle filed a First Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15, mooting the Secretary's Motion to dismiss.  Id. dkts. 1, 16, 18 ("FAC").  In her FAC, filed on November 22, 2024, Gladle added additional defendant employees of the VA, Steve Braverman, Daniel Spilsbury, Wandee Kharossach, Marie Weldon, Ann Brown, and James Doelling, and asserted seven claims for relief: (1) discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794; (2) retaliation under the Rehabilitation Act, 29 U.S.C. § 794(d); (3) Equal Protection violation; (4) denial of Due Process; (5) violation of restoration rights, 5 U.S.C. § 8151(b); (6) a claim under the Cat's Paw Theory; and (7) intentional infliction of emotional distress.  FAC.  The Secretary then filed a motion to dismiss the FAC, and on April 10, 2025, the Court granted the Secretary's motion, with leave to amend.  Id., dkts. 21, 31.  At the time of this order, Gladle has not filed an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

### B. The Instant Action

In her Complaint in this case, Gladle alleges, as to her first claim for relief based on "Retaliation [and] Reprisal for Engaging in Protected Activity under Title [VII]," that she has "applied for over 200 open positions (RN) for which she is qualified and actually held for 25 [years]." Complaint ¶ 6. She alleges that she "has an ANCC in Psychiatric [and] Mental [health] Nursing" with more than thirty years of having a "CA BRN License continuous [and] in good standing." Id. Gladle alleges that she was retaliated against because she engaged in protected activity. Id. ¶ 7. She claims that "[t]he stated reasons for the [d]efendant's conduct were not the true reasons, but instead were pretext to hide the [d]efendant's retaliatory animus by not employing plaintiff in an RN position [for] which she is qualified." Id. Gladle claims that she is being retaliated against for having filed more than ten EEO claims and federal civil claims "in the effort to right the wrong of retaliation." Id. ¶ 8.

As to Gladle's second claim for a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 *et seq.*, Gladle alleges that "the pretext to hide the discrimination is false." Id. ¶ 10. She alleges that she is experiencing a "continuing violation of employment discrimination based on an illegal termination considering [p]laintiff is not fit for employment." Id. ¶ 11. Gladle alleges that this has affected all of her applications for new positions and claims that the determination is "based on an illegal termination on April 30, 2017." Id. Further, she contends that "[t]his termination has never been rectified in [p]laintiff's favor although management has been given the information." Id.

For her third claim for relief, plaintiff alleges a violation of Title VII based on a hostile work environment. She alleges that she is experiencing "a continuing violation of employment discrimination as noted by not employing [p]laintiff in a capacity which she is entitled to perform." Id. ¶ 13. Gladle alleges that she "had an excellent career at the VAGLAHCS until sustaining a debilitating injury in 2010 which required time away from a position she performed well and helped many veterans." Id.

Gladle also attaches what she refers to as "Exhibit A," setting forth additional allegations. Dkt. 1, Exh. A ("Exh. A"). The first thirteen paragraphs of Exhibit A are identical to those in Exhibit A to her original complaint in the earlier filed action, Case No. 24-cv-03556.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

Gladle asserts that she is a registered nurse and that she has been licensed in the state of California since April, 1993, without interruption. Id. ¶ 1. Gladle claims that she holds an American Nursing Credentialing Certification in Psychiatric and Mental Health nursing and that this Certification has been active and in good standing since October 2007. Id. ¶ 2. According to Glade, she is "a qualified permanently disabled person under the Rehabilitation Act of 1973 from a Veterans Administration Greater Los Angeles Health Care System workplace injury on 04/27/2024." Id. ¶ 3. As a result, Gladle claims she "use[s] a cane for assisted ambulation due to the on-the-job injury [for] which [she is] receiving [Office of Workers' Compensation Programs ("OWCP")] benefits as [she is] not yet working." Id. Gladle asserts that "[t]he disability also affects many of [her] daily activities." Id.

Gladle claims that she began employment with the VA as a registered nurse in 1993, holding several positions over the course of her employment. Id. ¶¶ 4-5. Gladle asserts that she has "been discriminated against due to disability from a VA workplace injury and for participating in protected activity through retaliation, hostile workplace, disparate treatment, etc., because [she] complained about discrimination before and after [she] was terminated by the [VA] in 2017 while on Office of Workers Comp." Id. ¶ 6. Gladle states that she has been "passed over for applicants who are not reinstatement and restoration rights qualified under the federal law/code." Id.

Gladle alleges that she is a qualified disabled person pursuant to the Rehabilitation Act of 1973 because she has permanent disabilities that affect mobility and other aspects of her life. Id. ¶ 7. Accordingly, she alleges that she has reinstatement rights pursuant to 5 U.S.C. § 8151. Id. Gladle asserts that she has been subjected to a hostile workplace, and that as a result she has lost employment opportunities. Id. ¶ 8.

Specifically, Gladle states that she applied for three positions for which she was qualified, but for which she was not hired. Id. ¶ 9. Gladle claims that on or before June 24, 2022 she applied for "the TeleCare Position"; on or before December 12, 2022, she applied for "the Registered Nurse All Vacancies"; and that on or before November 6, 2022, she applied for "the Registered Nurse Outpatient Mental Health" position. Id. According to Gladle, the VA maintains a list of all registered nurses who are eligible for reinstatement, and that she herself has been eligible since September 2, 2018. Id. ¶¶ 10-11. Gladle claims that the VA has not hired registered nurses who are reinstatement eligible if they have filed discrimination claims. Id. ¶ 12. Gladle states "I believe I have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

been and continue to be discriminated against as I have applied for multiple positions [for] which I am highly qualified but have not been reinstated." Id. ¶ 11. Gladle asserts that those who were hired for the positions for which she applied are less qualified than she is for the positions. Id. ¶ 13.

Gladle alleges that on June 10, 2023, she attended a job fair at the VA Greater Los Angeles Health Care System. Id. ¶ 14. She alleges that though she had pre-registered, her name did not appear on the registration list, and she had to wait with other applicants who had walked into the event for about one and a half hours. Id. After registering to participate in the hiring fair, Gladle alleges that she was taken to a separate waiting area for interviews. Id. ¶ 15. She alleges that she had her documentation and notified the individual handling intake that she was "a Schedule A hiring authority which is a qualified disabled person and is a non-compete designation," but she "later found out that Title A does not apply to Title 38 designated employees." Id.

Gladle alleges that she completed a form regarding her positions of interest. Id. ¶ 17. She alleges that she could hear discussion of who she would be placed with to interview, and learned that she was assigned to Pamela Henderson, who had interviewed her two other times for the same position in the previous year and she was never hired. Id. ¶¶ 18-19. According to Gladle the interview went well, but she heard discussion about whether she would be hired or not as she waited to hear the results. Id. ¶ 20. Gladle alleges that she was then taken to a large room to wait with others to talk with an HR representative about whether she would be hired. Id.

Gladle alleges that when her name was called, she stood up and went to where a man without identification was standing, and in front of the approximately 30 people waiting he "began speaking to [Gladle] loudly telling [her] there was not a position for [her] at Greater Los Angeles but [she] could try the Long Beach VA." Id. ¶ 21. Gladle states that she informed the man, who told her his name was Shane, that "it was wrong for him to announce to [her] so that everyone else waiting could hear that [she] did not and would not get a position." Id. Gladle alleges that she was "not only surprised but … was humiliated." Id.

Gladle alleges that she has applied for more than 200 open RN positions at the VA and she has "not been hired for any position to date even though [she is] well qualified." Id. ¶ 22. She states that she has filed more than ten EEO complaints and a federal claim. Id. ¶ 23. She alleges that her complaints "include retaliation, disability discrimination,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

hostile work place, all a continuing violation of rights under Title [VII], the Rehabilitation Act of 1973 and the 1964 Civil Rights Act." Id.

Gladle alleges that she was "illegally terminated on 4/30/2017 after 24 years of service with the GLAHS and while temporarily and totally disabled." Id. ¶ 24. Gladle claims that the termination was based on her RN license not being renewed, but that her ability to practice was continuous. Id. ¶ 24. She alleges that there was a 36 hour delay in the website information updating the status of her RN license. Id.

Gladle alleges that the VA policy for verification of RN licensing was not followed in her case. Id. ¶ 25. According to Gladle, "the VA has used the pretext of the 2017 termination for failure to renew her RN license as not being fit for employment at the VA." Id. ¶ 26. Gladle alleges that she provided proof that her license was timely renewed to relevant VA employees. Id. ¶ 27. Gladle alleges that her "SF71 continues to show the termination for failure to maintain her RN license which is false and has not been corrected." Id. ¶ 28.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Res Judicata

First, the Secretary argues that Gladle's claims arising out of plaintiff's termination are barred by res judicata. Mot. at 3. The Secretary argues that the Court already explained that claims arising out of her 2017 termination are barred by res judicata because the Court's 2020 Order on Summary Judgment was a final judgment on the merits. Id. The Secretary contends that nothing has changed here, as Gladle brings the same Rehabilitation Act claim against the Secretary regarding her 2017 termination. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

at 3-4. The Secretary argues that Gladle's claims relating to her 2017 termination should be dismissed without leave to amend. Id. at 4.

In its order dismissing Gladle's FAC in the Second Action, the Court concluded that Gladle's claims arising out of her 2017 termination were barred by res judicata because there was (1) an identity of claims, (2) a final judgment on the merits (the 2020 Order on Summary Judgment), and (3) identity or privity between the parties. Case No. 24-cv-03556, dkt. 31 ("Order on MTD"). Here Gladle asserts that she was retaliated against for filing EEO claims, and therefore terminated in 2017, and that she has been denied positions she since sought at the VA because of her prior EEO activity. Complaint ¶ 8. Because these claims also relate to her 2017 termination, they arise from the same transactional nucleus of facts as the claims the Court ruled on in its 2020 Order on Summary Judgment, and they are barred by res judicata, as explained in the Court's Order on MTD. See Order on MTD at 14-16. Here, this means that Gladle's first claim for relief, for retaliation and reprisal for engaging in protected activity, must be dismissed, with leave to amend.

    **B.**    **Non-Selection Claim**

The Secretary argues that Gladle is not entitled to restoration rights as she claims pursuant to 5 U.S.C. § 8131(b)(2) and is incorrect that therefore her non-selections were unlawful. Mot. at 4. The Secretary argues that the Court already concluded that on the same claim raised in the Second Action, the factual circumstances she alleges are not contemplated by the plain language of the statute. Id. (quoting Order on MTD). The Secretary argues that plaintiff does not assert that she was separated due to compensable injury temporarily rendering it impossible for her to work. Rather, she was terminated for failure to maintain her license, which she contends was pretextual. Id. Further, the Secretary argues that the statutory language in § 8151(b), requires that an individual overcome his or her workplace injury that resulted in temporary disability in order to be entitled to reinstatement. Id. Gladle contends that she remains disabled. Id. at 5.

The Secretary argues that even liberally construing Gladle's allegations of non-selection as pleading a regular retaliation claim for the three non-selections in 2022, her claim does not rise to the level of plausible. Id. To demonstrate a prima facie case of retaliation, the Secretary argues, plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

6. The Secretary argues that Gladle has alleged that she filed more than ten EEO complaints, which is protected activity, but that she does not allege a causal nexus to between the protected activity and the adverse employment action she alleges resulted. Id. The Secretary argues that the only purported retaliation she alleges is based on § 8151(b)(2), a statute that does not apply to her circumstances. Id. Additionally, the Secretary argues that Gladle's "effort to assert a retaliation claim has similarly been dismissed before for these same reasons, and that dismissal was affirmed by the Ninth Circuit." Id.

    The Court reiterates the conclusion it reached in its Order on MTD, that Gladle is not entitled to restoration rights. Here, as her second claim for relief, Gladle sets forth a claim that she is entitled to restoration rights pursuant to 5 U.S.C. § 8151(b). Complaint ¶¶ 9-11. Gladle is not entitled to relief under § 8151(b) both because she does not allege that she has overcome her injury and because she was not separated on the basis of a workplace injury. 5 C.F.R. § 353.103; see also Johnson v. Merit Sys. Prot. Bd., 455 F. App'x 984, 986 (Fed. Cir. 2012) (holding that plaintiff must show "his separation was substantially related to his compensable injury," and "whether he has fully or partially recovered from his injury" to be entitled to restoration rights under 5 U.S.C. § 8151); 5 U.S.C. § 8151(b)(2).

    As to a potential retaliation claim, the Court finds that Gladle fails to plead any such claim because she does not allege a nexus between her protected activity, the filing of EEO claims, and her termination, an essential element of a retaliation claim. Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 887 (9th Cir. 2004); see also Ninth Circuit Order at 2 (holding that the Court had properly dismissed Gladle's similarly deficient prior retaliation claim "because Gladle failed to allege facts sufficient to identify the individuals who engaged in the alleged adverse employment actions or show that those individuals were aware of her protected activities"). Additionally, the Court previously found in its 2020 Order on Summary Judgment that Gladle was terminated because she failed to maintain an active license, not because of her protected activity. 2020 Order on Summary Judgment at 7.

    **C.**    **Hostile Work Environment Claim**

    The Secretary argues that Gladle's hostile work environment claim should be dismissed because it is "both facially inconsistent with her allegations and devoid of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-08312-CAS-JCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Marilyn Gladle v. Denis McDonough | | |

supporting facts." Mot. at 7. The Secretary contends that Gladle's claim fails to allege sufficient facts because she merely states that she was subjected to a hostile workplace and that this resulted in a loss of employment opportunities, but she does not explain how that may have happened. Id. The Secretary argues that even a liberal reading of the Complaint does not state a claim because Gladle alleges that she was humiliated at the VA job fair, but "[t]his context necessarily precludes a hostile work environment claim, as the Complaint acknowledges that [she] was not and is not a federal employee at the time." Id. As an applicant, rather than an employee, the Secretary argues plaintiff cannot state a hostile work environment claim. Id.

Insofar as Gladle alleges that she was retaliated against for filing EEO complaints, it is clear from the caselaw that even if Gladle had pled additional facts, as the Secretary argues she must, she is unable to state a claim due to her status. Though a plaintiff may file a hostile work environment claim against a former employer, a plaintiff cannot file such a claim when they are merely an applicant. Wassman v. City of Dana Point, No. 8:18-cv-468-JLS-DFM, 2018 WL 5906346, at *6 (C.D. Cal. July 2, 2018). While the Court recognizes that Gladle is a former VA employee, her hostile work environment claims relate only to the VA's hiring process. Because Gladle's allegations relate only to seeking new employment with the VA, rather than to her time as an employee there, she cannot state a hostile work environment claim on these allegations. Accordingly, the claim is dismissed, with leave to amend.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the Secretary's motion to dismiss, with leave to amend. Gladle shall file her amended complaint on or before August 18, 2025.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |